**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |
|---|
| **KAREEM JAMES ROBERTS**, |
| Plaintiff, |
| v. |
| **PENNYMAC FINANCIAL SERVICES and DANIEL S. PEROTTI**, |
| Defendants. |

Docket No. 2:24-cv-9995 (MCA) (SDA)

**WHEREAS OPINION AND ORDER**

March 10, 2026

**STACEY D. ADAMS**, United States Magistrate Judge.

**THIS MATTER** having come before this Court by way of the Motion for Leave to File a Second Amended Complaint (the "Motion") filed by Plaintiff Kareem James Roberts ("Plaintiff") (ECF No. 35); and Defendants PennyMac Financial Services, Inc. and Daniel S. Perotti (together "Defendants") having opposed the Motion (ECF No. 38); and Plaintiff having filed a reply (ECF No. 40); and

**WHEREAS,** Plaintiff, proceeding *pro se*, filed his initial Complaint in Middlesex County Superior Court on September 17, 2024. (ECF No. 1). Defendants removed this case to federal court on October 23, 2024 (ECF No. 1) and subsequently filed a Motion to Dismiss. (ECF No. 4). On June 9, 2025, the Honorable Madeline Cox Arleo, U.S.D.J. granted Defendants' Motion to Dismiss, but granted Plaintiff leave to file an amended complaint that complied with Fed. R. Civ. P. 8. (ECF No. 21).

**WHEREAS,** Plaintiff timely filed his First Amended Complaint on July 1, 2025, which is the operative complaint. (ECF No. 22).

**WHEREAS,** on July 30, 2025, Defendants filed a Motion to Dismiss Plaintiff's First

1

Amended Complaint. (ECF No. 25).

**WHEREAS**, on January 7, 2026, Plaintiff filed a Second Amended Complaint without leave. (ECF No. 32). Due to several procedural defects with the filing, the Amended Complaint was stricken, Plaintiff was directed to seek Defendants' consent to the proposed amended pleading prior to filing a new motion and, if Defendants refused to consent, Plaintiff was granted leave to file a motion to amend. (ECF No. 34). This Motion for leave to file a Second Amended Complaint (ECF No. 35) followed.

**WHEREAS**, given the dismissal of Plaintiff's original complaint and subsequent motion practice with regard to the proposed amended Complaint, the Court has not conducted an initial pretrial scheduling conference nor has any discovery has taken place.

**WHEREAS,** Plaintiff seeks leave to file a Second Amended Complaint to "clarify and streamline the claims in this action" as it "removes unnecessary theories, focuses on statutory claims, and presents a clearer factual record." (ECF No. 35 at 1, 2). The proposed Second Amended Complaint seeks to remove the current Defendants and names a new defendant – PennyMac Loan Services, LLC – as well as condenses Plaintiff's claims. (ECF No. 35). Plaintiff's First Amended Complaint (ECF No. 22) is twenty-nine pages in length with numerous unclear claims and allegations. However Plaintiff's proposed Second Amended Complaint has been reduced to eight pages in length and contains five clearly identified counts. (ECF No. 35).

**WHEREAS,** motions to amend filed prior to the entry of a pretrial scheduling order are governed by Fed. R. Civ. P. 15, which requires the court to "freely give leave when justice so requires." The Third Circuit has adopted a "liberal" approach to amendments of pleadings. *DLJ Mortg. Cap., Inc. v. Sheridan*, 975 F.3d 358, 369 (3d Cir. 2020). A court may deny a motion to amend only where there is (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; (4) repeated failures to cure deficiencies; or (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962);

2

*Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 1984). These factors "are not exhaustive, allowing a court to ground its decision, within reason, on consideration of additional equities, such as judicial economy/burden on the court and the prejudice denying leave to amend would cause to the plaintiff." *Mullin v. Balicki*, 875 F. 3d 140, 149-50 (3d Cir. 2017). However, the most important factor is prejudice to the non-moving party. *Id.* (citation and quotation omitted).

WHEREAS, Defendants' primary basis for opposing the Motion is futility, as well as the fact that there is a related foreclosure action pending in state court (and Defendants argue the entire matter should therefore be litigated in state court). (ECF No. 38 at 1-2).

WHEREAS, an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468-69 (D.N.J. 1990) (quoting 6 Wright, Miller & Kane, Federal Practice & Procedure § 1487 at 637-642 (2d ed. 1990)). To determine whether an amendment is insufficient on its face, the Court employs the standard applied to Rule 12(b)(6) motions to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Futility arguments are dispositive arguments that are better suited for consideration in the context of a motion to dismiss. *See Colombo v. Bd. of Educ. for the Clifton Sch. Dist.*, No. 11-cv-0785, 2016 WL 6403081, at *2 (D.N.J. Oct. 27, 2016) (citations omitted) ("In the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss.").

WHEREAS, the Court, therefore, declines to address Defendants' dispositive arguments in the context of a motion to amend, especially considering that Defendants may re-raise all of their arguments in any forthcoming motion to dismiss following Plaintiff's amendment. *See James v. Superior Ct. of N.J.*, No. 21-cv-16769, 2022 WL 4449382, at *2 (D.N.J. Sept. 22, 2022); *S.M. v. Freehold Reg'l High Sch. Dist. Bd. Of Educ.*, No. 22-cv-107, 2022 WL 4226354, at *3 (D.N.J. Sept.

13, 2022); *Travelers Cas. & Sur. Co. v. Becton Dickinson & Co.*, No. 14-cv-4410, 2017 WL 349376, at \*2 (D.N.J. Jan. 24, 2017).

**WHEREAS,** the Court further finds no undue delay, bad faith, or undue prejudice in light of the procedural history of this litigation, as explained briefly above. The Court does not find that Plaintiff unduly delayed seeking amendment of the Complaint. Although Plaintiff had one prior amendment, the First Amended Complaint was filed in response to Judge Arleo's Order which granted Plaintiff leave to do so. (ECF No. 21). Further, there is no prejudice in terms of prolonging the discovery process because discovery has not yet commenced. Finally, the Court does not find that there is any indication of bad faith. To the contrary, one could argue that Plaintiff's conduct in simplifying his complaint with less claims has promoted judicial efficiency and made it ultimately easier for the Court to decide the inevitable Motion to Dismiss; and for good cause shown:

**IT IS**, on this **10th** day of **March**, **2026**, hereby **ORDERED** as follows:

1. Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 35) is **GRANTED**.

2. Plaintiff shall file a clean copy of the Second Amended Complaint no later than **March 13, 2026**.

3. Defendants shall respond to the Second Amended Complaint within the time frame required by applicable Court Rules.

4. The Clerk is directed to terminate the Motion pending at ECF No. 35.

**SO ORDERED.**

                                       */s Stacey D. Adams*
                                    **STACEY D. ADAMS, U.S.M.J.**

Orig:   Clerk
cc:      Parties
          Hon. Madeline Cox Arleo, U.S.D.J.